UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARVINDER DHANI and MANUEL GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> VISA, INC. and STRIPE, INC. <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 1:19-cv-4987 RLM-DLP <br> ) <br> ) <br> ) <br> ) <br> ) |

OPINION AND ORDER

Harvinder Dhani and Manuel Garcia work for Pharmaneek, Inc., an online pharmacy. Pharmaneek used Stripe, Inc.'s payment processing services before Stripe terminated Pharmaneek's accounts and placed it on the MATCH list, a list that companies in the credit card industry use to identify high-risk merchants. Pharmaneek brought claims in this court against Stripe and Visa, Inc. in 2018 for placing it on the MATCH list and the events that followed. Pharmaneek voluntarily dismissed its claims in favor of arbitration, which is ongoing. After arbitration began, Mr. Dhani and Mr. Garcia filed this suit alleging two counts of defamation. Stripe and Visa move to dismiss Mr. Dhani and Mr. Garcia's claims, or in the alternative, to stay this action pending the outcome of arbitration. For the reasons stated below, the court grants Stripe and Visa's motion to dismiss.

Mr. Dhani and Mr. Garcia are "principals and/or owners" of multiple healthcare companies, including Access Therapies, Inc. and Pharmaneek, Inc.,

a pharmacy that has operated online at www.pharmaneek.com, www.uneekdose.com, and www.bluepillusa.com and done business under several names. Pharmaneek and its related entities applied for three accounts with Stripe, a company that processes credit card payments. First, Pharmaneek applied for an account for its business Uneekdose with the URL uneekdose.com in December 2017. Mr. Dhani was listed as the account representative on the application, and he provided the email hdhani@pharmaneek.com. In March 2018, Stripe received an account application from BluePillUSA and its website bluepillusa.com. Prithvi Dhani was listed as the company representative on the application, and the provided email was hdhani@gmail.com. The company street address and phone number matched the address on Pharmaneek's application for Uneekdose, as did the first part of the email address, so Stripe associated the account with the one created for Uneekdose. Later that month, Mr. Garcia applied for a Stripe account as the company representative for BLPUSA with the URL accesstherapies.com. He provided the email address abe@uneekdose.com. Stripe also associated this account with the Uneekdose account, this time because Mr. Garcia's email address URL matched the one Pharmaneek used when it submitted the Uneekdose application.

Stripe notified Pharmaneek in March 2018 that it was terminating Pharmaneek's account because it was a prohibited business under Stripe's services agreement. Stripe told Pharmaneek that Visa had determined Pharmaneek violated its regulations by selling a controlled substance without a prescription. Stripe also notified Pharmaneek that it had been placed on the

MATCH list, a credit card industry "blacklist" used to identify high-risk merchants.

Mr. Dhani and Mr. Garcia allege that when a company is placed on the MATCH list, the company's name and the name of its principals and officers are included in the listing. They allege that when a merchant applies for an account with a new merchant payment processor, the processor screens the applicant for a MATCH list entry. Mr. Dhani and Mr. Garcia contend that merchants on the list have a difficult time establishing new accounts with payment processors and maintaining their existing accounts. Further, any other business entity associated with principals and officers who appear on a MATCH list entry "will have enormous difficulties in opening or retaining merchant accounts." They allege that when merchant processors contacted Visa to ask why Pharmaneek was on the MATCH list, Visa told those processors that Pharmaneek illegally sold controlled substances without a prescription, and Mr. Dhani and Mr. Garcia were associated with those activities. Mr. Dhani and Mr. Garcia dispute Visa's allegation that Pharmaneek ever sold a controlled substance without a prescription, and the allege in their complaint that Visa's alleged statements to payment processors implicating Mr. Dhani and Mr. Garcia in that illegal activity were defamatory.

Visa and Stripe argue that Mr. Dhani and Mr. Garcia's claims are subject to binding arbitration under the Stripe Services Agreement, so the claims should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). "[A] Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to

compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district." Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801, 808 (7th Cir. 2011) (*citing* Cont'l Ins. Co. v. M/V Orsula, 354 F.3d 603, 606–607 (7th Cir. 2003)). The court may compel the parties to arbitrate if three elements are shown: "(1) an enforceable written agreement to arbitrate; (2) a dispute is the scope of the arbitration agreement, and (3) a refusal to arbitrate." Scheurer v. Fromm Family Foods LLC, 863 F.3d 748, 752 (7th Cir. 2017) (*citing* 9 U.S.C. §4; Zurich American Ins. Co. v. Watts Industries, Inc., 417 F.3d 682, 687 (7th Cir. 2005)). The parties only dispute the first element.

Federal policy favors arbitration agreements. A.D. v. Credit One Bank, N.A., 885 F.3d 1054, 1059 (7th Cir. 2018) (internal citations and quotations omitted). Under the Federal Arbitration Act, courts must "place written arbitration agreements on the same footing as other contracts." 9 U.S.C. § 2; Scheurer v. Fromm 863 F.3d at 752. Accordingly, "an arbitration agreement generally cannot bind a non-signatory." A.D. v. Credit One Bank, 885 F.3d at 1059 (*citing* Zurich American Ins. v. Watts, 417 F.3d at 687). But this requirement "does not 'alter background principles of state contract law regarding the scope of agreements (including the question of who is bound by them).'" GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC, 140 S. Ct. 1637, 1643 (2020) (*quoting* Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630 (2009)). The court will enforce an arbitration agreement against a non-signatory under limited exceptions, depending on

4

applicable state law principles: "(1) assumption, (2) agency, (3) estoppel, (4) veil piercing, and (5) incorporation by reference." Id. at 1059-1060.

Stripe and Visa argue that Mr. Dhani and Mr. Garcia are bound to the services agreement because they are agents of the companies that signed the agreement. The agreement says Stripe may report information about misuse of its services:

> If you misuse the Payment Processing Services for payment card Transactions or engage in activity the Networks identify as damaging to their brand, or if we are required to do so by the Network Rules, we may submit information about you, Representatives, your beneficial owners and principals, and other individuals associated with your Stripe Account, to the MATCH terminated merchant listing maintained by Mastercard and accessed and updated by Visa and American Express, or to the Consortium Merchant Negative File maintained by Discover. Addition to one of these lists may result in your inability to accept payments from payment cards. You understand and consent to our sharing this information and to the listing itself, and you will fully reimburse us for any losses we incur from third-party claims, and you waive your rights to bring any direct claims against us that result from such reporting.

[Doc. No. 31, p. 22]. The services agreement also says that any dispute, claim, or controversy arising out of or related to any provision of the agreement will be determined by arbitration in San Francisco. Mr. Dhani and Mr. Garcia argue that they weren't parties to the Stripe services agreement because they only signed the agreement as registering agents, so they can't be bound by the arbitration provision. But Mr. Dhani and Mr. Garcia aren't just agents of Pharmaneek. They acknowledge in their complaint that they are principals and/or owners of Pharmaneek. They also say that Pharmaneek operated under the business names UNEEKDOSE and BLUEPILLUSA, both of which signed to Stripe's services agreement. Stripe may send information about the principals

5

and owners of a registering user to the MATCH list under the terms of that agreement. Further, Mr. Dhani and Mr. Garcia's claims are directly related to Stripe's actions placing Pharmaneek on the MATCH list, conduct that is already subject to ongoing arbitration. Under ordinary principles of contract and agency, Mr. Dhani and Mr. Garcia are bound by the terms of the services agreement to arbitrate their claims. Belom v. Nat'l Futures Ass'n, 284 F.3d 795, 799 (7th Cir. 2002).

Accordingly, the court GRANTS Stripe and Visa's motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) [Doc. No. 28].

SO ORDERED.

ENTERED:   October 13, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court

distribution:  All electronically registered counsel of record.